Mark G. Tratos (Bar No. 1086)
R. Richard Costello (Bar. No. 1917)
F. Christopher Austin (Bar No. 6559)
GREENBERG TRAURIG
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89109
(702) 792-3773

Attorneys for Plaintiff
GIBSON GUITAR CORP,

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GIBSON GUITAR CORP., <br><br> Plaintiff, <br><br> v. <br><br> ED ROMAN ENTERPRISES, INC. D/B/A ED ROMAN GUITARS and ED ROMAN, <br><br> Defendants. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

For its Complaint against Defendants Ed Roman Enterprises, Inc. d/b/a Ed Roman Guitars ("Roman Corp.") and Ed Roman ("Roman") (collectively "Roman Guitars"), Plaintiff, Gibson Guitar Corp. ("Gibson"), states as follows:

## I. OVERVIEW OF CASE

1.   Gibson is a leading manufacturer of guitars, including the legendary "Les Paul" electric guitar. The shape, features, and overall trade dress of many of Gibson's guitars are unique and distinctive, and Gibson holds a number of federally registered trademarks concerning its guitars. Since 2000, Roman Guitars' sales of infringing guitars from their storefront in Las Vegas and website at www.edroman.com have been monitored by Gibson. On a number of occasions, Roman Guitars has been selling unauthorized copies - or "knockoffs" - of Gibson guitars which it ceases as soon as it is contacted by Gibson. Roman Guitars would stop its infringing conduct, but sooner or later it would copy the same or another Gibson trademark. That pattern was repeated over the past few years. As will be described below, Roman Guitars is again selling guitars that infringe Gibson's

trademarks. Gibson requests, among other relief, injunctive relief to stop once and for all the sale of these knockoffs.

## II. THE PARTIES

2. Gibson is a corporation duly organized and existing under the laws of the State of Delaware and has its principal place of business at 309 Plus Park Blvd., Nashville, Tennessee, 37217. Gibson designs, manufactures and distributes musical instruments, including guitars.

3. Upon information and belief, Roman Corp. is a Nevada corporation having an official address of 4305 Industrial Road, Suite 165, Las Vegas, Nevada, 89103 and a storefront location at 4631 S Industrial Drive, Las Vegas, NV 89103. Upon information and belief, the registered agent for service of process is David M. Crosby, Esq., 711 South Eighth Street, Las Vegas, Nevada, 89101.

4. Upon information and belief, Roman is the president, Secretary, Treasurer, the active agent, and the controlling shareholder of Roman Corp. Roman has an office at 4631 S Industrial Drive, Las Vegas, NV 89103. Roman is the active agent, driving force, prime mover and ultimate decision maker behind Roman Corp.'s infringing conduct.

## III. JURISDICTION AND VENUE

5. Subject matter jurisdiction exists with respect to the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court in accordance with 28 U.S.C. §1391 because Roman Corp. and Roman have their principal place of business and have committed numerous acts of infringement in this district.

## IV. PERSONAL JURISDICTION

6. The Court has personal jurisdiction because both Roman and Roman Corp. reside in this District.

## V. GIBSON'S INTELLECTUAL PROPERTY

7. Gibson has for many years been engaged in the business of designing, manufacturing and distributing for sale a variety of guitars throughout the United States and internationally. The guitars sold by Gibson that are involved in this case are the:

(a) LES PAUL guitars

(b) SG guitars

(c) EXPLORER guitars

(d) FLYING V guitars, and

(e) STEINBERGER guitars.

Additionally, Gibson has other guitar component trademarks that serve to indicate the source of its products.

8. Gibson Guitars are world-renowned for their excellence and have unique and distinctive designs and features that make them instantly recognizable to the public. Gibson has invested enormous effort and hundreds of thousands of dollars, in establishing and protecting its products' reputations and its reputation as the purveyor of quality guitars. Gibson has furthered this reputation and goodwill by registering its marks related to the Gibson Guitars.

**Gibson's Les Paul Incontestable Body Shape And Incontestable Word Trademarks**

9. Gibson's LES PAUL guitars exhibit unique and original designs and configurations that are recognized by the public as the distinctive and exclusive marks of guitars manufactured by Gibson. The relevant distinctive trade dress includes, without limitation, the LES PAUL body shape, the DOVE WING PEG HEAD shape, and the BELL SHAPED TRUSS ROD COVER, the toggle switch placement and washer, and the diamond knob orientation.

10. Gibson first introduced the LES PAUL guitar into interstate commerce in or about December of 1952. Since that time, Gibson has spent substantial sums of money to advertise and promote its LES PAUL guitars. The Les Paul may be the most well recognized body shape in the musical instrument world. Because of such efforts, as well as the distinctive shape and design of the guitars, Gibson has sold millions of dollars worth of the instruments.

11. The LES PAUL guitar body shape is incontestably registered as U.S. Trademark Registration No. 1,782,606. (Exhibit A hereto). Accordingly, pursuant to Sections 8 and 15 of the U.S. Trademark Statute, 15 U.S.C. §§ 1065 and 1115(b), said registration constitutes conclusive evidence of the validity of Gibson's registered trademark, of the distinctiveness of Gibson's LES PAUL guitar body shape, of Gibson's ownership of the registered trademark of the LES PAUL

guitar body shape, and of Gibson's exclusive right to use the registered trademark for the LES PAUL guitar body shape in interstate commerce.

12. The Gibson LES PAUL guitar has been sold under the LES PAUL word trademark since at least as early as 1952. Since that time, Gibson has invested substantial sums of money to advertise and promote its LES PAUL trademark, and Gibson has sold millions of dollars worth of these guitars displaying the LES PAUL trademark.

13. The LES PAUL word trademark is incontestably registered as U.S. Trademark registration No. 1,539,282. (Exhibit B hereto). Accordingly, pursuant to Sections 8 and 15 of the U.S. Trademark Statute, 15 U.S.C. §§ 1065 and 1115(b), said registration constitutes conclusive evidence of the validity of Gibson's registered trademark, of Gibson's ownership of the registered trademark LES PAUL, and of Gibson's exclusive right to use the registered trademark LES PAUL in interstate commerce.

### Gibson's SG Body Shape And Incontestable Word Trademarks

14. Gibson's SG guitars exhibit unique and original designs and configurations that are recognized by the public as the distinctive and exclusive marks of guitars manufactured by Gibson. Gibson first introduced the SG series at least as early as 1961 and since that time, Gibson has spent substantial sums of money to advertise and promote the SG guitars. Gibson has sold millions of dollars worth of the SG guitars.

15. The SG guitar body shape is registered as U.S. Trademark registration No. 2,215,791. (Exhibit C hereto). Accordingly, pursuant to Section 7(b) of the U.S. Trademark Statute, 15 U.S.C. §§ 1057(b), said registration constitutes prima facie evidence of the validity of Gibson's registered trademark, of Gibson's ownership of the registered trademark, and of Gibson's exclusive right to use the registered trademark in interstate commerce.

16. Gibson's SG guitar has been sold under the SG or S-G word trademark since its introduction. Since that time, Gibson has spent substantial sums of money to advertise and promote its SG trademark, and Gibson has sold millions of dollars worth of these guitars displaying SG or S-G.

1  17. The S-G word trademark is incontestably registered as U.S. Trademark registration No. 1,045,872. (Exhibit D hereto). Accordingly, pursuant to Sections 8 and 15 of the U.S. Trademark Statute, 15 U.S.C. §§ 1065 and 1115(b), said registration constitutes conclusive evidence of the validity of Gibson's registered trademark; of Gibson's ownership of the registered trademark S-G; and of Gibson's exclusive right to use the registered trademark S-G in interstate commerce.

### Gibson's Flying V Incontestable Body Shape And Word Trademark

18. Gibson's FLYING V guitars exhibit unique and original designs and configurations that are recognized by the public as the distinctive and exclusive marks of guitars manufactured by Gibson. Gibson's FLYING V guitar was first introduced into interstate commerce at least as early as 1958. Since that time, Gibson has spent substantial sums of money to advertise and promote its FLYING V guitars, and Gibson has sold millions of dollars worth of these guitars.

19. The FLYING V guitar body shape is incontestably registered as U.S. Trademark Registration No. 2,051,790. (Exhibit E hereto). Accordingly, pursuant to Sections 8 and 15 of the U.S. Trademark Statute, 15 U.S.C. §§ 1065 and 1115(b), said registration constitutes conclusive evidence of the validity of Gibson's registered trademark, of the distinctiveness of Gibson's FLYING V guitar body shape, of Gibson's ownership of the registered trademark FLYING V guitar body shape, and of Gibson's exclusive right to use the registered trademark FLYING V guitar body shape in interstate commerce.

20. Gibson's Flying V guitar has been sold under the word trademark since its introduction. Since that time, Gibson has spent substantial sums of money to advertise and promote its Flying V trademark, and Gibson has sold millions of dollars worth of these guitars displaying Flying V.

21. The Flying V word trademark is registered as U.S. Trademark Registration No. 1,216,644 (Exhibit F hereto). Accordingly, pursuant to Section 7(b) of the U.S. Trademark statute, 15 U.S.C. §1057(b), said registration constitutes prima facie evidence of the validity of Gibson's registered trademark, of Gibson's ownership of the registered trademark, and of Gibson's exclusive right to sue the registered trademark in interstate commerce.

**Gibson's Explorer Word And Incontestable Body Shape Trademark**

22. Gibson's EXPLORER guitars exhibit unique and original designs and configurations that are recognized by the public to indicate guitars manufactured by Gibson. Gibson's EXPLORER guitar was first introduced into interstate commerce at least as early as 1958. Since that time, Gibson has spent substantial sums of money in the advertising and promotion of its EXPLORER guitars, and Gibson has sold millions of dollars worth of these guitars.

23. The EXPLORER guitar body shape is incontestably registered as U.S. Trademark Registration No. 2,053,805. (Exhibit G hereto). Accordingly, pursuant to Sections 8 and 15 of the U.S. Trademark Statute, 15 U.S.C. §§ 1065 and 1115(b), said registration constitutes conclusive evidence of the validity of Gibson's registered trademark, of the distinctiveness of Gibson's EXPLORER guitar body shape, of Gibson's ownership of the registered trademark EXPLORER guitar body shape, and of Gibson's exclusive right to use the registered trademark EXPLORER guitar body shape in interstate commerce.

24. Gibson's EXPLORER guitar has been sold under the EXPLORER word trademark since at least as early as 1958. Since that time, Gibson has spent substantial sums of money in the advertising and promotion of its EXPLORER trademark, and Gibson has sold millions of dollars worth of these guitars displaying EXPLORER.

25. The EXPLORER word trademark is registered as U.S. Trademark Registration No. 2,641,548. (Exhibit H hereto). Accordingly, pursuant to Section 7(b) of the U.S. Trademark Statute, 15 U.S.C. §§ 1057(b), said registration constitutes prima facie evidence of the validity of Gibson's registered trademark, of Gibson's ownership of the registered trademark, and of Gibson's exclusive right to use the registered trademark in interstate commerce.

**Gibson' Steinberger Incontestable Body Shape And Incontestable Word Trademark**

26. Gibson's STEINBERGER guitars exhibit unique and original designs and configurations that are recognized by the public to indicate guitars manufactured by Gibson. Gibson's STEINBERGER guitar was first introduced into interstate commerce at least as early as 1980. Since that time, Gibson has spent substantial sums of money in the advertising and promotion of its STEINBERGER guitars, and Gibson has sold millions of dollars worth of these guitars.

27. The STEINBERGER guitar body shape is incontestably registered as U.S. Trademark Registration No. 1,394,829. (Exhibit I hereto). Accordingly, pursuant to Sections 8 and 15 of the U.S. Trademark Statute, 15 U.S.C. §§ 1065 and 1115(b), said registration constitutes conclusive evidence of the validity of Gibson's registered trademark, of the distinctiveness of Gibson's STEINBERGER guitar body shape, of Gibson's ownership of the registered trademark STEINBERGER guitar body shape, and of Gibson's exclusive right to use the registered trademark STEINBERGER guitar body shape in interstate commerce.

28. Gibson's STEINBERGER guitar has been sold under the STEINBERGER word trademark since at least as early as 1980. Since that time, Gibson has spent substantial sums of money in the advertising and promotion of its STEINBERGER trademark, and Gibson has sold millions of dollars worth of these guitars displaying STEINBERGER.

29. The STEINBERGER word trademark is incontestably registered as U.S. Trademark Registration No. 1,441,155. (Exhibit J hereto). Accordingly, pursuant to Sections 8 and 15 of the U.S. Trademark Statute, 15 U.S.C. §§ 1065 and 1115(b), said registration constitutes conclusive evidence of the validity of Gibson's registered trademark, of the distinctiveness of Gibson's STEINBERGER mark, of Gibson's ownership of the registered trademark STEINBERGER trademark, and of Gibson's exclusive right to use the registered trademark STEINBERGER in interstate commerce.

### Gibson's Incontestable Trademarks For Various Guitar Components

30. Many of Gibson's guitars including the LES PAUL guitar and SG GUITAR have been sold with a DOVE WING PEG HEAD since at least as early as 1952. The peg head of a guitar is that item at the end of the neck located away from the guitar body. Gibson guitars have been sold with the DOVE WING PEG HEAD since at least as early as 1922. Since 1922, Gibson has spent substantial sums of money to advertise and promote its DOVE WING PEG HEAD trademark, and Gibson has sold millions of dollars worth of guitars having the DOVE WING PEG HEAD.

31. The DOVE WING PEG HEAD trademark is incontestably registered as U.S. Trademark registration No. 1,020,485. (Exhibit K hereto). Accordingly, pursuant to Sections 8 and 15 of the U.S. Trademark Statute, 15 U.S.C. §§ 1065 and 1115(b), said registration constitutes

1  conclusive evidence of the validity of Gibson's registered trademark, of the distinctiveness of Gibson's DOVE WING PEG HEAD, of Gibson's ownership of the registered trademark DOVE WING PEG HEAD, and of Gibson's exclusive right to use the registered trademark DOVE WING PEG HEAD in interstate commerce.

32. Many Gibson guitars have been sold with a BELL SHAPED TRUSS ROD COVER since at least as early as 1922. Many guitars, including most electric guitars have a truss rod that helps strengthen the neck which is the long portion of the guitar upon which the frets are placed. As a result, there is a hole in the peg head. Since 1922, Gibson has spent substantial sums of money to advertise and promote its BELL SHAPED TRUSS ROD COVER trademark, and Gibson has sold millions of dollars worth of guitars having the BELL SHAPED TRUSS ROD COVER. The BELL SHAPED TRUSS ROD COVER is distinctive.

33. The BELL SHAPED TRUSS ROD COVER trademark is incontestably registered as U.S. Trademark registration No. 1,022,637. (Exhibit L hereto). Accordingly, pursuant to Sections 8 and 15 of the U.S. Trademark Statute, 15 U.S.C. §§ 1065 and 1115(b), said registration constitutes conclusive evidence of the validity of Gibson's registered trademark, of the distinctiveness of Gibson's BELL SHAPED TRUSS ROD COVER, of Gibson's ownership of the registered trademark BELL SHAPED TRUSS ROD COVER, and of Gibson's exclusive right to use the registered trademark BELL SHAPED TRUSS ROD COVER in interstate commerce.

34. Many Gibson guitars have been sold with a SPLIT DIAMOND INLAY since at least as early as 1934. Since 1934, Gibson has spent substantial sums of money to advertise and promote its SPLIT DIAMOND INLAY trademark, and Gibson has sold millions of dollars worth of guitars having the SPLIT DIAMOND INLAY. The SPLIT DIAMOND INLAY is distinctive.

35. The SPLIT DIAMOND INLAY trademark is incontestably registered as U.S. Trademark registration No. 1,008,799. (Exhibit M hereto). Accordingly, pursuant to Sections 8 and 15 of the U.S. Trademark Statute, 15 U.S.C. §§ 1065 and 1115(b), said registration constitutes conclusive evidence of the validity of Gibson's registered trademark, of the distinctiveness of Gibson's SPLIT DIAMOND INLAY, of Gibson's ownership of the registered trademark SPLIT

DIAMOND INLAY, and of Gibson's exclusive right to use the registered trademark SPLIT DIAMOND INLAY in interstate commerce.

36. The various trademarks described in paragraphs 9 through 35 are sometimes collectively referred to as the Gibson Family of Guitar Trademarks.

## VI. DEFENDANTS' UNLAWFUL CONDUCT

37. Roman Guitars is engaged in the business of manufacturing, distributing and selling guitars in interstate commerce in competition with Gibson.

38. Roman Guitars is offering for sale a number of guitars that infringe the Gibson Family of Guitar Trademarks and trade dress rights. These infringing guitars sold by Roman Guitar create a likelihood of confusion as to source, origin, sponsorship, and/or affiliation with Gibson's guitars.

## VII. CLAIMS FOR RELIEF

### Claim I

### Federal Trademark And Tradedress Infringement

39. Gibson realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

40. Roman Guitars has adopted and used the Gibson Family of Guitar Trademarks and protected trade dress with full knowledge of Gibson's long prior use in a deliberate, willful and intentional attempt to trade on Gibson's trade identity and goodwill and to give the guitars sold by Roman Guitar a market acceptance and salability that they otherwise would not enjoy.

41. In furtherance of their scheme to produce and sell knockoffs and to profit from Gibson's trade identify and goodwill, Roman Guitars has have adopted and used Gibson's registered word trademarks GIBSON, LES PAUL, S-G, FLYING V, EXPLORER, and STEINBERGER with full knowledge of Gibson's long prior use of such trademarks. Additionally, Defendants have adopted and used Gibson's registered body shape trademarks relating to the LES PAUL, the SG, the FLYING V, the EXPLORER, the STEINBERGER, and the guitar component trademarks relating to the DOVE WING PEG HEAD, the BELL SHAPED TRUSS ROD COVER, and the SPLIT

DIAMOND INLAY with full knowledge of Gibson's long prior use of such trademarks. In doing so, Roman Guitar has acted deliberately, willfully, and intentionally in an attempt to give their knockoffs a market acceptance and salability that they otherwise would not enjoy.

42. The acts of Roman Guitar are likely to create confusion, mistake, or deception insofar as the purchasing public and others will mistake and/or associate Roman Guitar products for the unique and distinctive products of Gibson.

43. Roman Guitars is thus in violation of 15 U.S.C. §1114 as to the Gibson Family of Guitar Trademarks and of 15 U.S.C. §1125(a) for all of those same trademarks and trade dress.

44. Such acts by Roman Guitar cause Gibson irreparable harm for which Gibson is entitled to a preliminary injunction and permanent injunction under 15 U.S.C. §1116.

## Claim II

## Federal Unfair Competition

45. Gibson realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

46. The acts of Roman Guitars complained of herein constitute unfair competition in violation of 15 U.S.C. §1125.

## Claim III

## State Trademark

47. Gibson realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

48. The acts of Roman Guitars complained of herein constitute common law trademark infringement under the laws of the State of Nevada.

## Claim IV

## State Deceptive Trade Practice

49. Gibson realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

50. The acts of Roman Guitars complained of herein constitute a violation of Nevada Statute Title 52, Chapter 598 §0915 and Gibson is entitled to relief in accordance with Nevada Statute Title 3, Chapter 41 §600.

### Count V

### State Unfair Competition

51. Gibson realleges and incorporates by reference each of the numbered paragraphs above as if fully set forth herein.

52. Roman Guitars has no right to use the Gibson name, trademarks, or trade dress to design, sell, or package their guitars.

53. Roman Guitars has acted with an intent to deceive the public as to the source of their goods and services, and the public has, in fact, been confused or deceived as to the true source of Roman Guitars' goods and the rights and authority to sell such guitars.

54. Roman Guitars' unlawful usurpation of Gibson's rights and property constitutes unfair competition under the common law of Nevada.

**WHEREFORE**, Gibson Guitar Corp. respectfully prays that this Court grant it the following relief:

A. Preliminary and permanent injunctive relief, ordering that Roman Guitar, as well as their officers, agents, servants, employees, attorneys and all others in active concert or participation with them, are enjoined and restrained from:

  1. Engaging in any conduct that infringes on the Gibson Family of Guitar Trademarks;

  2. Manufacturing, marketing, advertising, distributing or selling any guitar confusingly similar to the shape and appearance and/or name of any of the following Gibson guitars:

    (1) LES PAUL guitar body shape, U.S. Trademark Registration No. 1,782,606
    (2) LES PAUL word trademark, U.S. Trademark registration No. 1,539,282
    (3) SG guitar body shape, U.S. Trademark registration No. 2,215,791
    (4) S-G word trademark, U.S. Trademark registration No. 1,045,872
    (5) FLYING V guitar body shape, U.S. Trademark Registration No. 2,051,790

(6)  FLYING V word trademark, U.S. Trademark Registration No. 1,216,644

(7)  EXPLORER guitar body shape, U.S. Trademark Registration No. 2,053,805

(8)  EXPLORER word trademark, U.S. Trademark Registration No. 2,641,548

(9)  STEINBERGER guitar body shape, U.S. Trademark Registration No. 1,394,829

(10) STEINBERGER word trademark, U.S. Trademark Registration No. 1,441,155

(11) DOVE WING PEG HEAD trademark, U.S. Trademark Registration No. 1,020,485

(12) BELL SHAPED TRUSS ROD COVER Trademark, U.S. Trademark Registration No. 1,022,637

(13) The SPLIT DIAMOND INLAY trademark, U.S. Trademark Registration No. 1,008,799

3. Using any other guitar shapes and appearances and/or any other marks which are likely to cause confusion or dilute the distinctiveness of any of Gibson Family of Guitar Trademarks;

4. Engaging in any advertising that tends in a false or misleading manner to associate the guitars sold by Roman Guitar with Gibson or with the Gibson Family of Guitar Trademarks;

5. Engaging in any advertising that tends to adversely affect the public's perception of Gibson or the Gibson Family of Guitar Trademarks.

B. Preliminary and permanent injunctive relief ordering Roman Guitar, in accordance with 15 U.S.C. § 1118, to deliver to Gibson for destruction all goods and packaging in their possession or under their control bearing the Gibson name, distinctive guitar shapes, appearance, and marks and all advertisements, labels, signs and other material in the possession or under the control of Roman Guitar depicting or showing the Gibson name, guitar shapes, appearance or marks.

C. Preliminary and permanent injunctive relief ordering Roman Guitar, in accordance with 15 U.S.C. § 1116, to file a verified report with this Court within thirty (30) days of the Court's

1  entry of injunctive relief, specifying in detail the manner and form in which Roman Guitar has
2  complied with the injunction and order of this Court.
3      D.    An award of any additional appropriate relief pursuant to applicable Federal Statutes
4  and Nevada Statute Title 3, Chapter 41 §600.
5      E.    Such other and further relief as is just and proper.
6      F.    A trial by jury as to all issues.
7  Dated March 13, 2006.

GREENBERG TRAURIG, LLP

_____
Mark G. Tratos (Bar No. 1086)
R. Richard Costello (Bar No. 1917)
F. Christopher Austin (Bar No. 6559)
3773 Howard Hughes Parkway, Suite 500 North
Las Vegas, Nevada 89109
Counsel for Plaintiffs